UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ROBERT C. DONNELLY, ADAM TARNOWSKI, :     ECF CASE
GUILHERME PARREIRA and JOSE ENRIQUEZ :
Individually and on Behalf of All Other Persons :
Similarly Situated, :     Index. No.: _____

                  Plaintiffs, :     CLASS AND COLLECTIVE ACTION
:     COMPLAINT
:
      v. :     JURY TRIAL DEMANDED
:
PETER LUGER OF LONG ISLAND, INC., :
:
                Defendant. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NATURE OF THE ACTION

1.      Plaintiffs Robert C. Donnelly ("Donnelly"), Adam Tarnowski ("Tarnowski"), Guilherme Parreira ("Parreira") and Jose Enriquez ("Enriquez") (collectively "Plaintiffs") allege on behalf of themselves and all other similarly situated current and former employees of Defendant Peter Luger of Long Island, Inc. ("Peter Luger") and those who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are entitled to (i) unpaid wages from Defendant Peter Luger for overtime work for which they did not receive overtime premium pay, (ii) unpaid overtime and for unpaid minimum wages for illegal tip pooling under 29 U.S.C. § 203(m), and (iii) liquidated damages under the FLSA, 29 U.S.C. §§201 *et seq.*

2.      Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez further complain on behalf of themselves, and a class of other similarly situated current and former employees of Defendant Peter Luger, under Fed. R. Civ. P. 23, that they are entitled to (i) unpaid wages from Defendant Peter Luger for overtime work for which they did not receive overtime premium pay as required by the New York Labor Law ("NYLL") §§ 650 *et*

*seq.,* including Part 142, § 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the NYLL), (ii) unpaid minimum wages, (iii) unpaid spread-of-hours pay, (iv) illegal tip pooling NYLL § 196-d, (v) off-the-clock work and (vi) liquidated damages under the NYLL, as amended by the Wage Theft Prevention Act.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiffs' FLSA claims under 29 U.S.C. § 216(b).

4.     Venue is proper in this district under 28 U.S.C. §1391(b).

5.     This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6.     Plaintiff Donnelly was, at all relevant times, an adult individual, residing in Levittown, New York, Nassau County.

7.     Plaintiff Tarnowski was, at all relevant times, an adult individual residing in Glendale, New York, Queens County.

8.     Plaintiff Parreira was, at all relevant times, an adult individual residing in East Elmhurst, New York, Queens County.

9.     Plaintiff Enriquez was, at all relevant times, an adult individual residing in Valley Stream, New York, Nassau County.

10.     Upon information and belief, Defendant Peter Luger of Long Island, Inc. is a New York-based corporation, with a principal place of business at 255 Northern Boulevard, Great Neck, New York 11021-4401, Nassau County.

11.     Upon information and belief, Defendant Peter Luger is an enterprise engaged in commerce or in the production of goods for commerce.  Defendant Peter Luger is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00.

12.     Defendant Peter Luger, either directly or indirectly, has hired and fired Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and other employees, controlled their work schedules and conditions of employment, determined the rate and method of their payment, and kept at least some records regarding their employment.

COLLECTIVE ACTION ALLEGATIONS

13.     Pursuant to 29 U.S.C. §207, Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez seek to prosecute their FLSA claims as a collective action on behalf of all persons Defendant Peter Luger is employing or has employed who were wait staff and other comparable tipped positions with different titles, including "waiter," "waitress," or "server" (collectively "Waiters") at any time since March 15, 2007 (the statute of limitations is extended under equitable tolling) to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA, who were not paid the statutory minimum wage, who were not paid overtime compensation at rates not less than one and one-half (1 ½) times the regular rate of pay

for every hours work in excess of forty (40) per workweek, and/or who were required by Defendant Peter Luger to share their tips with employees who do not customarily and regularly receive tips (the "Collective Action Members").

14.     This collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of Defendant Peter Luger, upon information and belief, approximately fifty (50) Collective Action Members exist during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

15.     Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez have no interest that is contrary to or in conflict with the Collective Action Members.

16.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.  No difficulty exists in the management of this action as a collective action.

17.     Questions of law and fact common to the Collective Action Members predominate over questions that may affect only individual members because Defendant Peter Luger has acted on grounds generally applicable to all members.  Among the common questions of law and fact common to Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and other Collective Action Members are:

a.      whether Defendant Peter Luger employed the Collective Action Members within the meaning of the FLSA;

b.      whether Defendant Peter Luger failed to keep true and accurate time records for all hours worked by Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Collective Action Members;

c.      what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.      whether Defendant Peter Luger failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Collective Action Members are employed, violating C.F.R. § 516.4;

e.      whether Defendant Peter Luger failed to pay the Collective Action Members minimum wages and/or overtime compensation for hours worked in excess of forty (40) hours per workweek, violating the FLSA and the regulations promulgated thereunder;

f.      whether Defendant Peter Luger failed to pay the Collective Action Members minimum wages, violating the FLSA and the regulations promulgated thereunder;

g.      whether Defendant Peter Luger improperly required the Collective Action Members to share their tips with other employees who do not customarily and regularly receive tips, violating 29 U.S.C. § 203(m), and whether Defendant Peter Luger is entitled to deduct the "tip credit" from the hourly rate paid to the Collective Action Members;

h.      whether Defendant Peter Luger misclassified the Collective Action Members as exempt from overtime;

i.      whether Defendant Peter Luger's violations of the FLSA are willful as that term is used within the context of the FLSA;

j.      whether Defendant Peter Luger is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees;

k.      whether Defendant Peter Luger should be enjoined from such violations of the FLSA in the future; and

l.      whether the statute of limitations should be estopped or equitably tolled due to Defendant Peter Luger' statutory violations.

<u>CLASS ACTION ALLEGATIONS</u>

18.     Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez sue on their own behalf and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).

19.     Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez brings their NYLL claims on behalf of all persons who Defendant Peter Luger is employing and has employed who were wait staff and other comparable tipped positions with different titles, including "waiter," "waitress," or "server" (collectively "Waiters") at any time since March 15, 2007, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the NYLL, who worked off-the-clock, who have not been paid overtime wages, who have not been paid minimum wages, who have not been paid spread-of-hours pay, and/or who did not retain all of their tips or gratuities, violating the NYLL (the "Rule 23 Class Members").

20.     The Rule 23 Class Members identified above are so numerous that joinder of all members is impracticable.   Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of Defendant Peter Luger, upon information and belief, approximately fifty (50) Rule 23 Class Members exist during the Class Period.

21.     Plaintiffs' claims are typical of the claims of the Rule 23 Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

22.     Defendant Peter Luger has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

23.     Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez are committed to pursuing this action and have retained competent counsel experienced in employment law and class action litigation.

24.     Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez have the same interest in this matter as all other members of the class and Plaintiff's claims are typical of the Rule 23 Class.

25.     Questions of law and fact common to the Rule 23 Class exist that predominate over any questions solely affecting the individual Rule 23 Class Members, including but not limited to:

a.      whether Defendant Peter Luger employed Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Rule 23 Class Members within the meaning of the NYLL;

b.      whether Defendant Peter Luger failed to keep true and accurate time records for all hours worked by Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and Rule 23 Class Members;

c.      what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d.      whether Defendant Peter Luger failed and/or refused to pay the Rule 23 Class Members minimum wages, time and one-half for all hours worked in excess of forty (40) hours per workweek, spread-of-hours pay, and for all hours worked;

e.      whether Defendant Peter Luger gave the Rule 23 Class Members proper notice of the "tip credit" as required by 12 N.Y.C.R.R. §§ 146-1.3 and -2.2;

f.      whether Defendant Peter Luger maintained adequate records of the tips that the Rule 23 Class Members received;

g.      whether Defendant Peter Luger failed to provide the Rule 23 Class Members with wage statements specifying the amount of tip credit deducted from their wages;

h.      whether Defendant Peter Luger unlawfully required the Rule 23 Class Members to share their tips with employees who do not perform direct customer service tips and/ who do not regularly and customarily receive tips, violating NYLL § 196-d;

i.      whether Defendant Peter Luger failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided under the NYLL in any area where Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Collective Action Members are employed;

j.      whether Defendant Peter Luger misclassified Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Rule 23 Class Members as exempt from overtime;

k.      whether Defendant Peter Luger is liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

l.      whether Defendant Peter Luger should be enjoined from such violations of the NYLL in the future.

STATEMENT OF FACTS

26.      At all relevant times, upon information and belief, Defendant Peter Luger owns and operates a steakhouse restaurant that is located at 255 Northern Boulevard, Great Neck, New York 11021.

27.      Defendant Peter Luger employed Plaintiff Donnelly as a Waiter from 1987 until December 2011.

28.      Defendant Peter Luger employed Plaintiff Tarnowski as a Waiter from May 2005 until December 2011.

29.      Defendant Peter Luger employed Plaintiff Parreria as a Waiter from April 2007 December 2011.

30.      Defendant Peter Luger employed Plaintiff Enriquez as a Waiter from 1999 until December 2011.

31.      The primary duties of Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and, upon information and belief, the Rule 23 Class and Collective Action Members included taking customers' food and beverage orders, serving customers their food and beverages, performing side work and cleaning the tables.

32.      The work performed by Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez required little skill and no capital investment, and their duties did not include managerial responsibilities or the exercise of independent judgment.

33.      Throughout the time Defendant Peter Luger employed Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and, upon information and belief, both before that time

and continuing until today (i.e., the Class Period and Collective Action Period), Defendant Peter Luger has likewise employed other individuals like Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez (i.e., the Rule 23 Class and Collective Action Members) in positions that required little skill and no capital investment, and their duties and responsibilities did not include any managerial responsibilities, or the exercise of independent judgment.

34. Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and, upon information and belief, the Rule 23 Class and Collective Action Members were scheduled to work one or both of the two available shifts during the day: the lunch shift, which is between two (2) and five (5) hours; the dinner shift, which is between three (3) and six (6) hours.

35. Four (4) to five (5) days per week, Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and, upon information and belief, the Rule 23 Class and Collective Action Members were scheduled to work both the lunch and dinner shifts, for which they would be scheduled for a total of eight (8) hours per day.

36. When they were scheduled to work both the lunch and dinner shifts, Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and, upon information and belief, the Rule 23 Class and Collective Action Members were also scheduled for a 1.5 hour to 3 hour break between the shifts.

37. Throughout the Class and Collective Action Period, Defendant Peter Luger did not require Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and, upon information and belief, the Rule 23 Class and Collective Action Members to sign in and

out for their 1.5 to 3.0 hour breaks between the lunch and dinner shifts; Defendant Peter Luger automatically deducted the break from their hours worked.

38.     Three (3) or four (4) days each week, Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and, upon information and belief, the Rule 23 Class and Collective Action Members would arrive at Defendant Peter Luger at least thirty (30) minutes before the lunch shift was scheduled to start to perform necessary side work that was predominantly for the benefit of Defendant Peter Luger, which included, but was not limited to, refilling the sugar bowl, salt shakers and other condiments, and resetting the napkins and table cloths.

39.     Three (3) days each week, Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and, upon information and belief, the Rule 23 Class and Collective Action Members would continue to work twenty (20) to thirty (30) minutes after the dinner shift was scheduled to end to perform necessary side work that was predominantly for the benefit of Defendant Peter Luger, which included, but was not limited to, cleaning the refrigerator, cleaning the "schlag" and butter station, cleaning the coffee pots, and collecting the milk from the dinning room.

40.     Although the restaurant's last dinner seating during the weekdays is at 9:45 p.m. and 10:45 p.m. on the weekends, the Rule 23 Class and Collective Action Members' dinner shift did not end until all of the customers have left their section, which resulted in them working four (4) days per week to 11:00 p.m. or 12:00 a.m. and correspondingly at least one (1) hour past their shift was scheduled to end.

41.     Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and, upon information and belief, the Rule 23 Class and Collective Action Members regularly worked more than forty (40) hours in a week.

42.     By way of example, Plaintiff Parreira worked in excess of forty hours for the pay periods ending on August 14, 2010, September 4, 2010, October 23, 2010 February 26, 2011 March 5, 2011 March 19, 2011, March 26, 2011, Plaintiff Donnelly worked in excess of forty (40) hours for the pay periods ending August 28, 2010, October 9, 2010, November 23, 2010

43.     Almost every Saturday, Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and, upon information and belief, the Rule 23 Class and Collective Action Members worked through their 1.5 hour to 3 hour break performing a variety of functions that were integral and indispensable to Defendant Peter Luger:  performing side work and servicing customers.

44.     In addition to Saturday, during four (4) or five (5) other days of the week, Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and, upon information and belief, the Rule 23 Class and Collective Action Members worked between fifteen (15) and thirty (30) minutes during their break performing a variety of functions that were integral and indispensable to Defendant Peter Luger:  performing side work and servicing customers.

45.     On a weekly basis, Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and, upon information and belief, the Rule 23 Class and Collective Action Members worked for a total of at least 2.5 hours and 5.5 hours through their breaks.

46.     Defendant Peter Luger did not compensate Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and, upon information and belief, the Rule 23 Class and Collective Action Members for the hours they worked during their breaks.

47.     Defendant Peter Luger permitted and was aware of Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and, upon information and belief, the Rule 23 Class and Collective Action Members working through their breaks as its managers saw them working through their breaks and gave them assignments that required them to work through their breaks.

48.     In total, when Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and, upon information and belief, the Rule 23 Class and Collective Action Members were scheduled to work both the lunch and dinner shifts five (5) days in a week and they performed their side work before and after those shifts and worked during their breaks, they worked at least between 45.0 hours and 49.0 hours.

49.     In total, when Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and, upon information and belief, the Rule 23 Class and Collective Action Members were scheduled to work both the lunch and dinner shifts four (4) days in a week and they performed their side work before and after those shifts and worked during their breaks, they worked at least between 37.0 hours and 41.0 hours.

50.     Prior to late 2009, Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and, upon information and belief, the Rule 23 Class and Collective Action Members were not required to and did not sign in at the beginning of their shift and did not sign out at the end of their shift.

51.     Prior to late 2009, Defendant Peter Luger did not maintain time records for Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and, upon information and belief, the Rule 23 Class and Collective Action Members showing the hours that they actually worked.

52.     Prior to late 2009, the wage records for Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and, upon information and belief, the Rule 23 Class and Collective Action Members did not list the total number of hours that they worked in a week.

53.     Prior to late 2009, Defendant Peter Luger paid Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and, upon information and belief, the Rule 23 Class and Collective Action Members for the hours that they were scheduled, not the hours they actually worked before and after their scheduled shifts and during their breaks, resulting in them not being compensated for approximately between 6.25 hours and 10 hours per week.

54.     In late 2009, Defendant Peter Luger implemented a new policy that required Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and, upon information and belief, the Rule 23 Class and Collective Action Members to sign out; the new policy did not require them to sign in, as their sign in time was already listed on the sign in and out sheets.

55.     The sign in time listed on the sign in and sign out sheets for Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and, upon information and belief, the Rule 23 Class and Collective Action Members did not reflect the actual time when they arrived and began working, but when their shift was scheduled to start.

56.     As a result of it late 2009 policy, Defendant Peter Luger did not compensate Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and, upon information and belief, the Rule 23 Class and Collective Action Members for the time they worked prior to their shift and during their breaks, resulting in them not being compensated for approximately between 5.25 hours and 8.5 hours per week.

57.     In late 2010, Defendant Peter Luger switched its policy to require Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and, upon information and belief, the Rule 23 Class and Collective Action Members to sign in and sign out.

58.     After Defendant Peter Luger implemented its policy to require Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and, upon information and belief, the Rule 23 Class and Collective Action Members to sign in and out, its managers instructed Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and, upon information and belief, the Rule 23 Class and Collective Action Members not to sign in until their shift was scheduled to start, regardless of the fact they often arrived thirty (30) minutes before their shift to perform necessary side work.

59.     Even with its late 2010 policy, Defendant Peter Luger did not compensate Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and, upon information and belief, the Rule 23 Class and Collective Action Members for the time they worked prior to their shift and during their breaks, resulting in them not being compensated for approximately between 5.25 hours and 8.5 hours per week.

60.     Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and, upon information and belief, the Rule 23 Class and Collective Action Members were tipped employees while working for Defendant Peter Luger.

61.    Upon information and belief, Defendant Peter Luger paid Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Rule 23 Class and Collective Action Members a wage below the statutory minimum because they received tips while working as Waiters for Defendant Peter Luger and Defendant Peter Luger believed their gratuities equaled or exceed the difference between the statutory minimum and what Defendant Peter Luger paid them (the "tipped minimum wage").

62.    Defendant Peter Luger, upon information and belief, claimed a "tip credit" for the difference between the statutory minimum wage and what they paid Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez, the Rule 23 Class and Collective Action Members.

63.    Upon information and belief, Defendant Peter Luger did not inform Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez, the Rule 23 Class and Collective Action Members of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL.

64.    From March 2007 through 2008, Defendant Peter Luger paid Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and, upon information and belief, the Rule 23 Class and Collective Action Members the hourly rate of $4.60.

65.    From 2009 to the present, Defendant Peter Luger paid Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and, upon information and belief, the Rule 23 Class and Collective Action Members the hourly rate of $4.65.

66.    Defendant Peter Luger required Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and, upon information and belief, the Rule 23 Class and Collective Action Members to pool the tips that they collected each day (the "tip pool").

67.    Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and, upon information and belief, the Rule 23 Class and Collective Action Members contributed to the tip pool for each day they worked.

68.    Between January and June of every year, Defendant Peter Luger required that $20.00 be deducted from the tip pool every day, which would then be given to the kitchen staff at the end of the year.

69.    The kitchen staff was not members of the tip pool; they do not regularly receive or earn tips from Defendant Peter Luger's customers; and they do not directly engage in customer service.

70.    The kitchen staff remains in the kitchen and does not interact with the customers.

71.    Almost every Saturday and one or two other days during the week, Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and, upon information and belief, the Rule 23 Class and Collective Action Members work more than ten (10) hours in a day.

72.    When Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and, upon information and belief, the Rule 23 Class and Collective Action Members worked more than ten (10) hours in a day, Defendant Peter Luger did not pay them an extra hour at the statutory minimum wage, which is also referred to as spread-of-hours pay.

73.    When Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and, upon information and belief, the Rule 23 Class and Collective Action Members were scheduled to work more than forty (40) hours per workweek, Defendant Peter Luger did pay them for all of their scheduled hours, but did not pay them overtime premium pay for every

-18-

hour that they actually worked above forty (40) as a result of its policy and practice not to compensate them for the time that they worked before and after their scheduled shifts, and when they worked during their breaks.

74.     Defendant Peter Luger did not pay Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and, upon information and belief, the Rule 23 Class and Collective Action Members premium pay of one and one-half (1 ½) times their regular rate of pay for every hour that they worked in excess of forty (40) ("overtime").

75.     When Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and, upon information and belief, the Rule 23 Class and Collective Action Members were scheduled to work less than forty (40) hours in a week, Defendant Peter Luger did pay them for all of their scheduled hours, but did not pay them for every hour that they actually worked as a result of its policy and practice not to compensate them for the time that they worked before and after their scheduled shifts, and when they worked during their breaks.

76.     Upon information and belief, between fifteen (15) and nineteen (19) waiters work any given day, many of whom have voluntarily terminated their employment with Defendant Peter Luger or were involuntarily terminated.

77.     Upon information and belief, Defendant Peter Luger paid the Collective Action and Rule 23 Class Members every week.

78.     Throughout the Class and Collective Action Period, upon information and belief, Defendant Peter Luger failed to maintain accurate and sufficient time records.

79.     While working for Defendant Peter Luger, Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez did not see any poster or notice in any area where they worked

notifying or explaining their minimum wage and overtime pay rights under the NYLL and FLSA.

80.     Upon information and belief, Defendant Peter Luger violated Labor Law § 195(4) by failing to establish, maintain and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions and net wages for each employee

<u>FIRST CAUSE OF ACTION</u>

FAIR LABOR STANDARDS ACT – UNPAID OVERTIME FOR FAILURE TO COMPENSATE FOR ALL HOURS WORKED ABOVE FORTY

(Brought on Behalf of Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Collective Action Members)

81.     Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez repeat and reallage each and every allegation of the preceding paragraphs as if set forth fully herein.

82.     Defendant Peter Luger was required to pay Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Collective Action Members no less than one and one-half (1 ½) times the regular rate at which they were employed for all hours worked in excess of forty (40) hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

83.     Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Collective Action Members regularly worked more than forty (40) hours in a week and Defendant Peter Luger did not pay them for each hour that they worked above forty (40).

84.     At all relevant times, Defendant Peter Luger had a policy and practice of refusing to pay overtime compensation to their employees for all of their hours worked in excess of forty (40) hours per workweek, violating the FLSA.

85.     This claim does not include "gap" time.

86.     Defendant Peter Luger has willfully violated the FLSA by knowingly and intentionally failing to pay the Collective Action Members overtime wages.

87.     Upon information and belief, at all relevant times, Defendant Peter Luger failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Collective Action Members were employed, violating 29 C.F.R. § 516.4.

88.     As a result of Defendant Peter Luger's failure to record, report, credit, and/or compensate Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Collective Action Members, Defendant Peter Luger has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

89.     Because Defendant Peter Luger's violations of the FLSA have been willful, a three-year statute of limitations applies under 29 U.S.C. § 255 and should be equitably tolled for a six-year statute of limitations.

90.     As a result of Defendant Peter Luger' violations of the FLSA, Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Collective Action Members have suffered damages by being denied overtime wages in accordance with the FLSA in

amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under 29 U.S.C. § 216(b), and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION

### FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME FOR ILLEGAL TIP POOLING
(Brought on Behalf of Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Collective Action Members)

91.    Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez repeat and reallage each and every allegation of the preceding paragraphs as if set forth fully herein.

92.    When Defendant Peter Luger paid Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Collective Action Members for the hours that they worked above forty (40) in a week, it paid them at the rate of one and one-half times the tipped minimum wage: *e.g.,* $4.65 x 1.5 = $6.98.

93.    When Defendant Peter Luger paid Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Collective Action Members for the hours that they worked above forty (40) in a week, it did not pay paid them at the rate of one and one-half times the statutory minimum wage:  *e.g.,* $7.25 x 1.50 = $10.88.

94.    Defendant Peter Luger violated 29 U.S.C. § 203(m) by requiring Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Collective Action Members to share their tips with the kitchen staff as the kitchen staff does not customarily and regularly receive tips and does not perform direct customer service.

95.    Defendant Peter Luger is not entitled to the tip credit as a result of violating 29 U.S.C. § 203(m) and was therefore required to pay Plaintiffs Donnelly,

Tarnowski, Parreira and Enriquez and the Collective Action Members the overtime rate of one and one-half (1.5) times the statutory minimum wage.

96.     As a result of Defendant Peter Luger' violations of the FLSA, Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Collective Action Members have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under 29 U.S.C. § 216(b), and such other legal and equitable relief as this Court deems just and proper.

<u>THIRD CAUSE OF ACTION</u>

FAIR LABOR STANDARDS ACT – FAILURE TO PAY MINIMUM WAGE
(Brought on Behalf of Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the
Collective Action Members)

97.     Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez repeat and reallage each and every allegation of the preceding paragraphs as if set forth fully herein.

98.     Defendant Peter Luger knowingly failed to pay Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Collective Action Members the minimum wages to which they were entitled under the FLSA.

99.     Defendant Peter Luger has engaged in a widespread pattern, policy and practice of violating the FLSA, as detailed in this Complaint.

100.     Defendant Peter Luger did not pay Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and Collective Action Members at the statutory minimum wage.

101.    Defendant Peter Luger paid Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Collective Action Members below the statutory minimum wage at the "tipped" minimum wage.

102.    Defendant Peter Luger unlawfully required Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Collective Action Members to share their tips with employees who do not perform direct customer service and who do not customarily and regularly receive tips:  the kitchen staff.

103.    Defendant Peter Luger was not eligible to avail themselves of the tipped minimum wage rate under the FLSA, 29 U.S.C. § 203(m), and supporting federal regulations, including but not limited to 29 C.F.R. § 531.50 *et seq.* because, upon information and belief, Defendant Peter Luger failed to inform Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Collective Action Members of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m), and Defendant Peter Luger unlawfully required Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Collective Action Members to share their tips with employees who do not perform direct customer service and who did not regularly and customarily receive tips (i.e., kitchen staff).

104.    Upon information and belief, Defendant Peter Luger failed to post and keep posted in a conspicuous place on their premise a notice explaining the FLSA, as prescribed by the Wage and Hour Division of the U.S. Department of Labor, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting federal regulations, including but not limited to 29 C.F.R. § 516.4.

105.    Defendant Peter Luger's unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendant Peter Luger was aware or should have been aware that the practices described in this Complaint were unlawful.  Defendant Peter Luger has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Collective Action Members.

106.    Because Defendant Peter Luger' violations of the FLSA have been willful, a three-year statute of limitations applies under 29 U.S.C. § 255 and should be equitably tolled for a six-year statute of limitations.

107.    As a result of Defendant Peter Luger's violations of the FLSA, Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Collective Action Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under 29 U.S.C. § 216(b), and such other legal and equitable relief as this Court deems just and proper.

<u>FOURTH CAUSE OF ACTION</u>

NEW YORK LABOR LAW – UNPAID MINIMUM WAGES
(Brought on Behalf of Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the
Rule 23 Class Members)

108.    Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez repeat and reallage each and every allegation of the preceding paragraphs as if fully set forth herein.

109.    Defendant Peter Luger is an employer within the meaning of NYLL §§ 190, 196-d, 651(5), 652 and supporting New York Statement Department of Labor

Regulations and employed Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Rule 23 Class Members.

110.   At all times relevant, Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Rule 23 Class Members have been employees within the meaning of NYLL § 190, *et seq.* and any supporting New York State Department of Labor Regulations.

111.   At all times relevant, Defendant Peter Luger has been an employer, agent and/or an officer within the meaning of NYLL § 196-d and any supporting New York State Department of Labor regulations.

112.   The wage payment provisions of Article 6 of the NYLL and any supporting New York State Department of Labor Regulations apply to Defendant Peter Luger and protect Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Rule 23 Class Members.

113.   Upon information and belief, Defendant Peter Luger failed to furnish Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Rule 23 Class a statement with every payment of wages listing hours worked, rates paid, gross wages, violating the NYLL and supporting New York State Department of Labor Regulations including, but not limited to, the regulations in 12 N.Y.C.R.R. § 137-2.2.

114.   Defendant Peter Luger did not pay Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and Rule 23 Class Members at the statutory minimum wage and overtime rate of one and one half (1 ½) times the statutory minimum wage.

115.   Defendant Peter Luger paid Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and Rule 23 Class Members at the tipped minimum wage, claiming the "tip

credit" for the difference between the statutory minimum wage and the rate at which it paid them.

116.    Defendant Peter Luger violated NYLL Article 6, § 196-d by unlawfully requiring that $20.00 be deducted from the daily tip pool to which Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Rule 23 Class Members contributed, and then sharing those tips with the kitchen staff.

117.    Because Defendant Peter Luger unlawfully required that Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Rule 23 Class Members share their tips with employees who do not perform direct customer service (i.e., kitchen staff), Defendant Peter Luger was not entitled to the "tip credit" and was therefore required to pay Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Rule 23 Class Members at the statutory minimum wage.

118.    Due to Defendant Peter Luger' violations of the NYLL, Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Rule 23 Class Members are entitled to recover from Defendant Peter Luger their unpaid wages and overtime wages, statutory liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

<u>FIFTH CAUSE OF ACTION</u>

NEW YORK LABOR LAW – UNPAID OVERTIME
(Brought on Behalf of Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez the Rule 23 Class Members)

119.    Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez repeat and reallage each and every allegation of the preceding paragraphs as if set forth fully herein.

120.    Under the NYLL and supporting New York Statement Department of Labor Regulations, Defendant Peter Luger was required to pay Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Rule 23 Class Members one and one-half (1 ½) times their regular rate of pay for all hours they worked in excess of forty (40) per workweek.

121.    When Defendant Peter Luger paid Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez for the hours that they worked above forty (40) in a workweek, it did not pay them one and one-half times the minimum wage: *e.g.*, $7.25 x 1.5 = $10.88.

122.    When Defendant Peter Luger paid Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez for the hours that they worked above forty (40) in a workweek, it paid them at one and one-half times the tipped minimum wage: *e.g.*, $4.65 x 1.5 = $6.98.

123.    Defendant Peter Luger violated NYLL Article 6, § 196-d by unlawfully requiring that $20.00 be deducted from the daily tip pool to which Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Rule 23 Class Members contributed, and then sharing those tips with the kitchen staff.

124.    As a consequence of Defendant Peter Luger's illegal tip pooling policy, it is not entitled to claim a tip credit and was therefore required to pay the Rule 23 Class Members overtime premium pay for every hour that they worked above forty (40) in a workweek at the rate of one and one-half times the statutory minimum wage.

125.    Defendant Peter Luger has willfully violated the NYLL by knowingly and intentionally failing to pay the Rule 23 Class Members the correct amount of overtime wages.

126.     Due to Defendant Peter Luger' violations of the NYLL, Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Rule 23 Class Members are entitled to recover from Defendant Peter Luger their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

SIXTH CAUSE OF ACTION

NEW YORK LABOR LAW – SPREAD-OF-HOURS PAY<br>(Brought on Behalf of Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Rule 23 class Members)

127.     Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez repeats and realign each and every allegation of the preceding paragraphs as if set forth fully herein.

128.     Defendant Peter Luger has willfully failed to pay Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Rule 23 Class Members additional compensation for one hour's pay at the basic minimum hourly wage for each day during which they worked more than ten (10) hours.

129.     By Defendant Peter Luger's failure to pay Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Rule 23 Class Members spread-of-hours pay, Defendant Peter Luger has willfully violated the NYLL Article 19, §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

130.     Due to Defendant Peter Luger's violations of the NYLL, Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the Rule 23 Class Members are entitled to recover from Defendant Peter Luger their unpaid spread-of-hours wages, statutory liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

<u>SEVENTH CAUSE OF ACTION</u>

NEW YORK LABOR LAW – OFF-THE-CLOCK WORK
(Brought on Behalf of Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and the
Rule 23 class Members)

131.    Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez repeat and reallege each and every allegation of the preceding paragraphs as if fully set forth herein.

132.    Defendant Peter Luger failed to compensate Plaintiffs and the Rule 23 Class Members for all time they spent working before and after their scheduled shifts and during their breaks.

133.    Defendant Peter Luger was aware of and permitted Plaintiffs and the Rule 23 Class Members to work before and after their scheduled shifts and during their breaks.

134.    In failing to compensate Plaintiffs and the Rule 23 Class Members for all hours worked, Defendant Peter Luger violated the NYLL and the regulations thereunder, 12 N.Y.C.R.R. § 146-1.2, 1.4.

135.    As a result of Defendant Peter Luger's violations of the NYLL, Plaintiffs and the Rule 23 Class Members have suffered damages by being denied compensation in accordance with the NYLL in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under the NYLL.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez, on behalf of herself, the Rule 23 Class and Collective Action Members, respectfully request that this Court grant the following relief:

a.     Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Rule 23 Class Members and appointing Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and their counsel to represent the Rule 23 Class;

b.     Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiffs Donnelly, Tarnowski, Parreira and Enriquez and their counsel to represent the Collective Action Members and tolling of the statute of limitations;

c.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

d.     An injunction against Defendant Peter Luger and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e.     An award of unpaid overtime compensation and minimum wages under the FLSA and NYLL and an award of unpaid compensation for off-the-clock work and unpaid spread-of-hours pay under the NYLL;

f.     An award of liquidated and/or punitive damages as a result of Defendant Peter Luger' willful violations of the FLSA and NYLL;

g.      Equitably tolling the statute of limitations under the FLSA;

h.      An award of prejudgment and post-judgment interest;

i.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs Donnelly, Tarnowski, Parreira and
Enriquez demand a trial by jury on all questions of fact the Class and Collective Action
Complaint raises.

Dated: New York, New York
      March 15, 2013

                BRONSON LIPSKY LLP

                By

                   Douglas Lipsky (DL-9372)
                   630 Third Avenue, Fifth Floor
                   New York, New York 10017-6705
                   Phone: 212.392.4772
                   Fax: 212.444.1030
                   dl@bronsonlipsky.com

                   Jeffrey M. Gottlieb (JG-7905)
                   nyjg@aol.com
                   Dana L. Gottlieb (DG-6151)
                   danalgottlieb@aol.com
                   GOTTLIEB & ASSOCIATES
                   150 East 18th Street, Suite PHR
                   New York, New York 10003
                   Phone: 212.228.9795
                   Fax: 212.982.6284

                   *Attorneys for Plaintiffs Donnelly, Tarnowski,*
                   *Parreira and Enriquez and the Putative Class*
                   *Members*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of _Peter Luger of Long Island Inc._ to pay me overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_[signature]_     2/19/13     Robert C Donnelly
Signature          Date    Print Name

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Pep Lvhel of Long Isl. A, Inc. to pay me overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_____     2/19/2013      Adam Tarnowsk,
Signature                      Date        Print Name

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of _Yel Lud ot Lin Dk AInc._ to pay me overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_____        03/07/2013   Guilherme   Pararim
Signature                      Date      Print Name

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of _Ppg Luir it Con Isl Inc._ to pay me overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____        _Jose Enriquez_
Signature                    Date    Print Name