UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| ROBERT C. DONNELLY, ADAM TARNOWSKI, GUILHERME PARREIRA and JOSE ENRIQUEZ Individually and on Behalf of All Other Persons Similarly Situated, | : : : : : | ECF CASE<br><br>Index. No.: 2:13-cv-1377 (LDW) (ETB) |
| Plaintiffs, | : : : : |  |
| v. | : : |  |
| PETER LUGER OF LONG ISLAND, INC., | : : : |  |
| Defendant. | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AGREEMENT, CONDITIONAL CERTIFICATION OF THE
SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS
COUNSEL, AND APPROVAL OF PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT

PLEASE TAKE NOTICE that Plaintiffs move the Court for the following relief in this

putative class and collective action under the New York Labor Law and Fair Labor Standards

Act: (1) preliminarily approving the class-wide settlement agreement under Fed. R. Civ. P.

23(e); (2) certifying this matter as a class action for settlement purposes under Fed. R. Civ. P. 23

(a) and (b)(3); (3) appointing Bronson Lipsky LLP and Gottlieb & Associates as class counsel

under Fed. R. Civ. P. 23(g)(1)(A); (4) approving the proposed "Notice of Proposed Class Action

Lawsuit And Final Fairness Hearing" and "Individual Settlement Class Member Claim Form";

and (5) scheduling a final fairness hearing.

In support of this joint motion, the parties shall rely upon the accompanying (1)

Memorandum of Law and (2) the Declaration of Plaintiffs' counsel Douglas B. Lipsky and the

exhibits thereto.

A proposed Order is attached hereto Exhibit A.

Dated: New York, New York
       May 13, 2014

                                        Respectfully submitted,

                                        BRONSON LIPSKY LLP

                                        By  s/ Douglas B. Lipsky
                                             Douglas B. Lipsky
                                        630 Third Avenue, Fifth Floor
                                        New York, New York 10017
                                        Phone:  212.392.4772
                                        Fax:  212.444.1030
                                        dl@bronsonlipsky.com

                                        GOTTLIEB & ASSOCIATES
                                        Jeffrey M. Gottlieb
                                        nyjg@aol.com
                                        Dana L. Gottlieb
                                        danalgottlieb@aol.com
                                        150 East 18th Street, Suite PHR
                                        New York, New York 10003
                                        Phone:  212.228.9795
                                        Fax:  212.982.6284

                                        *Attorneys for Plaintiffs*

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ROBERT C. DONNELLY, ADAM TARNOWSKI,
GUILHERME PARREIRA and JOSE ENRIQUEZ
Individually and on Behalf of All Other Persons
Similarly Situated,

                    Plaintiffs,

      v.

PETER LUGER OF LONG ISLAND, INC.,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF CASE

Index. No.: 2:13-cv-1377 (LDW) (ETB)

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
AGREEMENT, CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS,
APPOINTING PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND APPROVING
PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT AND AUTHORIZING THEIR
DISTRIBUTION

      WHEREAS, the class action, *Robert C. Donnelly, Adam Tarnowski, Guilherme Parreira and Jose Enriquez v. Peter Luger of Long Island, Inc.,* Civil Action Number 2:13-cv-1377 (LDW) (ETB) ("Action"), is currently pending before this Court;

      WHEREAS, Plaintiffs have made an unopposed application under Fed. R. Civ. P. 23(e) and 29 U.S.C. § 216(b) for an order approving a settlement of the claims alleged in the Action, in accordance with a Settlement Agreement and General Release dated May 9, 2014 (the "Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement of the Action against Peter Luger of Long Island, Inc. ("Peter Luger" or "Defendant") and for dismissal of the Action against Peter Luger with prejudice upon the terms and conditions set forth therein, and the Court has read and considered the Agreement and the exhibits annexed thereto; and

WHEREAS, for purposes of this Order, the Court adopts and incorporates the definitions set forth in the Agreement including:

Settlement Class:  All individuals who Defendant has employed or is employing at its Great Neck, New York location who hold or held the title of "server," "wait staff," "waiter" or "bartender" at any time between March 16, 2007 and February 27, 2014.  Agreement ¶ 2.

Authorized Claimant:  Any of the Settlement Class members who submit a timely and fully completed Claim Form by the Bar Date and who becomes entitled to receive a Final Settlement Payment under this Agreement.  Agreement ¶ 3.

Bar Date:  The date that is sixty (60) calendar days after the date on which the Claims Administrator post-marks the Settlement Notice and Claim Forms to the members of the Settlement Class.  Members of the Settlement Class must timely file a fully completed Claim Form on or before sixty (60) calendar days after the date Settlement Notice and Claim Forms are post-marked in order to be considered an Authorized Claimant.  Agreement ¶ 6.

Settlement Notice:  The notice substantially in the form attached as Exhibit A to the Agreement (and Exhibit A to this Order) to be directed to members of the Settlement Class and to explain the Settlement and Settlement Class Members' options sent to the class following preliminary approval, which are to be mutually agreed upon by the Parties and are to be used to notify Class Members of the Settlement.  Agreement ¶ 38.

Claim Form:  The Proof of Claim, which is attached as Exhibit B to the Agreement and Exhibit B to this Order, which is to be used by Settlement Class Members who choose to file a claim in the Action.  Agreement ¶ 5.

Claim Submission Period:  The period beginning with the date the Settlement Notice and Claim Forms are post-marked to members of the Settlement Class and ending on the Bar Date.  Members of the Settlement Class must timely file a Claim Form so that they are post-marked on or before the Bar Date to be an Authorized Claimant.  Agreement ¶ 7.

Claims Administrator:  The claims administration firm agreed upon by the Parties, who will perform all of the administrative duties set forth in paragraphs 50, 53 through 55 of the Agreement.  The Claims Administrator is designated by the Parties to be Simpluris, Inc.  Agreement ¶ 8.

Released Parties:  Defendant, all affiliated entities, and its past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint ventures, affiliated organizations, shareholders, insurers, reinsurers, attorneys, and assigns, and each of its/their past, present and future

officers, directors, trustees, agents, employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plan sponsored or administered by Defendant or its affiliated entities, or divisions, units, branches, and any other persons or entities acting on their behalf, including any party that was or could have been named as a defendant in the Action. Agreement ¶ 33.

Final Effective Date:   The first date after all of the following events and conditions have been met or have occurred: (i) the Court enters an Order Authorizing Notice of the Proposed Settlement and Notice of Final Fairness Hearing; (ii) the Bar Date has passed; (iii) the Court entered a Final Approval Order; (iv) the deadline has passed without action for counsel for the Parties to terminate the Agreement; (v) the time to appeal from the Final Approval Order has expired and no Notice of Appeal has been filed or in the event that an appeal is filed, the appellate process is exhausted and the Final Approval Order has remained intact in all material respects; and (vi) the Final Fairness Hearing has occurred. Agreement ¶ 18.

Settled Claims:   Any and all claims for relief, whether suspected or unsuspected, which the Named Plaintiffs or any Settlement Class Members have had, now have, or may have in the future against the Released Parties or any of them for any acts occurring between March 16, 2007 and February 27, 2014 in connection with Defendant employing them, that are either or both: (1) alleged in the Action or (2) arise out of the facts, matters, transactions or occurrences referred to in the Action that could have been alleged as separate claims, causes of action, lawsuits or other theories of relief, whether under federal law, state law or common law (including all violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") and all regulations promulgated thereunder. "Settled Claims" also includes all types of relief available for the above referenced theories of relief, including, without limitations, any claims for unpaid wages, unpaid overtime, unlawfully retained gratuities, spread-of-hours pay, damages, reimbursement, restitution, losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive or declaratory relief, liquidated damages or similar relief. Agreement ¶ 41.

Final Fairness Hearing:  Means the hearing contemplated by the Parties, at which the Court will approve, in final, the Agreement and make such other final rulings as are contemplated by this Agreement. Agreement ¶ 19.

IT IS ON THIS _____ DAY OF _____ 2014, HEREBY

ORDERED AS FOLLOWS:

1.     The Court hereby preliminarily approves the settlement set forth in the Agreement as being fair, just, reasonable and in the best interest of Plaintiffs and the Settlement Class Members.

2.     The Court hereby preliminarily certifies the Settlement Class under Fed R. Civ. P. 23(a) and (b)(3), for settlement purposes only, as described in the Agreement, subject to the entry of the Final Order and Judgment as provided in the Agreement.  The Court recognizes that certification under this Order is for settlement purposes only, and shall not constitute or be construed as an admission on the part of Peter Luger that this Action is appropriate for class treatment for litigation purposes.  Entry of this Order is without prejudice to Peter Luger's rights to oppose certification of a class in this Action, and/or to seek decertification or modification of a class should the proposed Settlement Agreement not become final.  If, for whatever reason, the Settlement Agreement does not become final, the Parties' stipulation to collective action and class certification as part of the Settlement Agreement shall become null and void *ab initio* and shall have no bearing on, and shall not be admissible in connection with, the issue of whether or not certification would be appropriate in a non-settlement context.

3.     Based on the parties' submissions, the Court hereby appoints Douglas B. Lipsky of Bronson Lipsky LLP and Jeffrey M. Gottlieb of Gottlieb & Associates as Class Counsel under Fed. R. Civ. P. 23(g) as they will fairly and adequately represent the interests of the Settlement Class Members.

4.     The Final Fairness Hearing shall be held no earlier than one hundred thirty (130) calendar days from the date of this Order.  The Hearing shall be scheduled before this Court, on _____, 2014, at _____ at the United States District Court Eastern District of New York, U.S. Courthouse, 100 Federal Plaza, Central Islip, New

York, 11722 to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Agreement are fair, just, reasonable, adequate and in the best interest of the Settlement Class Members, and should be approved by the Court; and whether an Order and Final Judgment of Dismissal, as provided in the Agreement, should be entered.

5.     The Court approves, as to form and content, the Notice of Settlement and Claim Form, attached as Exhibits A and B to the Agreement and to this Order, and finds the mailing and distribution of the Notice of Settlement and Claim Form to constitute the best notice practicable under the circumstances, meet the requirements of due process and constitute valid, due and sufficient notice to all persons in the Settlement Class, complying fully with the requirement of Fed. R. Civ. P. 23, the Fair Labor Standards Act, the Constitution of the United States and any other applicable laws, as appropriate.

6.     The Claims Administrator, Simpluris Inc., is hereby authorized to supervise and administer the notice procedure as set forth in the Agreement.

7.     Settlement Class Members are entitled to object to the (i) approval of the terms and conditions of the Agreement, (ii) the judgment to be entered thereon if the same is approved, or (iii) the attorneys' fees and expenses to be awarded to Class Counsel.  For Settlement Class Members to make any such objection, they must, personally or through an attorney, file a signed written objection with the Clerk of the United States District Court Eastern District of New York and mail a copy of their objection to Class Counsel and Counsel for Defendant.  Any statement of position or objection shall be signed, state the objector's name, address and telephone numbers and include any supporting documents.  The statement of position shall also identify any and all witnesses, documents, and other evidence of any kind to be presented at the Final Fairness Hearing in support of the statement of position or objection, as

Case 2:13-cv-01377-LDW-ARL   Document 14   Filed 05/13/14   Page 9 of 18 PageID #: 94

well as the substance of the testimony to be given by any witness.  Additionally, any Settlement Class Member who has served and filed objections as set forth in the first sentence of this paragraph, may appear at the Final Fairness Hearing and show cause to the Court, if he or she has any reason why the proposed settlement of the claims alleged in the Action should or should not be approved as fair, just, reasonable and adequate, or why a judgment should or should not be entered thereon or why the requested attorneys' fees, costs and expenses, should or should not be awarded as requested.

8.     For the objection to be considred timely, they must be postmarked on or by sixty (60) calendar days from when the Claims Administrator mails the Notice of Settlement and Claim Form.

9.     Any Settlement Class Member who does not make his or her objection in the manner as provided in paragarphs 7 and 8 of this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Agreement, and the award of attorneys' fees, costs and expenses to Class Counsel, and the award of an incentive payment for the named Plaintiffs, unless otherwise ordered by the Court.

10.     All additional papers in support of the Agreement receiving final approval, for the approval of the Named Plaintiffs' serivce awards and for Class Counsel's attorneys' fees and expenses application shall be filed and served with the Court by:

_____.

6

11.     The Court reserves the right to adjourn the date of the Final Fairness Hearing without further notice to the Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. Claims Administrator shall send notice of any such adjournment to any Settlement Class Member who has timely filed an objection to the settlement, consistent with the terms of the Agreement.  The Court may approve the settlement, with such modifications as may be agreed to by the settling parties, if appropriate, without further notice to the Class.

SO ORDERED:

Dated: Central Islip, New York
              _____, 2014


                                        _____
                                        The Honorable Leonard D. Wexler, U.S.D.J.



**Exhibit A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ROBERT C. DONNELLY, ADAM TARNOWSKI, :    <u>ECF CASE</u>
GUILHERME PARREIRA and JOSE ENRIQUEZ :
Individually and on Behalf of All Other Persons :
Similarly Situated,                    :    No.: 2:13-CV-1377 (LDW) (ETB)
                          :
           Plaintiffs,        :
                          :
     v.                         :
                          :
PETER LUGER OF LONG ISLAND, INC.,    :
                          :
           Defendant.       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF PROPOSED CLASS ACTION LAWSUIT SETTLEMENT
AND FINAL FAIRNESS HEARING**

**TO:**    **ALL INDIVIDUALS WHOM DEFENDANT HAS EMPLOYED OR IS
EMPLOYING AT ITS PETER LUGER GREAT NECK, NEW YORK LOCATION
WHO HOLD OR HELD THE TITLE OF "WAIT STAFF" OR "BARTENDER"
AT ANY TIME BETWEEN MARCH 16, 2007 AND FEBRUARY 27, 2014.**

Based on information in the records of Peter Luger of Long Island, Inc. ("Peter Luger"), you were employed at its Great Neck, New York location as a "wait staff," "server," waiter," or "bartender" at any time between March 16, 2007 and February 27, 2014 (the "Covered Period") and are eligible to participate in the proposed settlement of the case captioned *Robert C. Donnelly, et al. v. Peter Luger of Long Island, Inc.,* Case No. 2:13-cv-1377 (LDW) (ETB) (U.S. District Court Eastern District of New York) (the "Action").

**PLEASE READ THIS NOTICE CAREFULLY.** It contains important information about your rights concerning the settlement of the Lawsuit. If the Court approves the settlement, you will be bound by its terms unless you affirmatively opt out of the settlement.

**1.**      **WHAT IS THE PURPOSE OF THIS NOTICE?**

The Court has ordered that this Notice be sent to you because you worked for Peter Luger as a "wait staff," "server," waiter," or "bartender" at any time between March 16, 2007 and February 27, 2014 at its Great Neck, New York location. The purpose of this Notice is to inform you of your rights under the Settlement Agreement resolving the Lawsuit. A claim form is enclosed for you to execute and return to the Claims Administrator (as discussed below in

paragraph 4) in order to recover your settlement amount.  We have provided you a pre-paid envelope for this purpose.  **If you do not return the claim form on or before the deadline, you will not receive your share of the settlement.**

## 2.    WHAT IS THIS CASE ABOUT?

Four former employees (the "Named Plaintiffs") filed the Action under the New York Labor Law ("NYLL") and the federal Fair Labor Standards Act ("FLSA") alleging that Peter Luger failed to pay all earned wages, overtime pay, spread-of-hours pay and unlawfully retained gratuities.

Peter Luger denies these allegations and maintains that it properly paid all wait staff and bartenders for all hours worked, it did not unlawfully retain any gratuities, and that these individuals received all monies to which they were entitled.

Peter Luger has a long standing policy against retaliation and it will NOT retaliate or otherwise discriminate against any person because of his or her participation in this Settlement.

The attorneys for the Class ("Class Counsel") in this Action are:

> Douglas Lipsky
> BRONSON LIPSKY LLP
> 630 Third Avenue, Fifth Floor
> New York, New York 10017-6705
> Phone:  212.392.4772
> Email:  dl@bronsonlipsky.com
>
> *Attorney for Plaintiffs*

## 3.    WHAT ARE THE TERMS OF THE SETTLEMENT AGREEMENT? HOW WILL MY SHARE OF THE SETTLEMENT BE CALCULATED?

If the Court gives the Settlement final approval, Peter Luger will pay a maximum of $250,000.00 in total settlement funds.  If the Court also approves the payments set forth below, the following payments and expenses will be deducted from the $250,000.00 prior to distribution of the settlement funds to Class Members who submit timely and valid Claim Forms ("Authorized Claimants"):

- Attorneys' Fees and Costs:  Class Counsel will apply to the Court for recovery of costs not to exceed $500.77 and attorneys' fees of $83,333.33 (1/3 of the Settlement) from the Settlement Fund.  This amount will be requested pursuant to the named Plaintiffs' professional services agreement.

- Service Payment: If the Court approves such payment, $7,500 will be paid to each Robert C. Donnelly, Guilherme Parreira, Jose Enriquez and Adam Tarnowski.  These payments

are being made in recognition of the many hours of services these individuals contributed on behalf of the Settlement Class, which includes several meetings and teleconferences with Class Counsel, drafting and reviewing Court filings and attending the mediation.

If the Court approves these payments, then after these payments are deducted for, among other things, attorneys' fees and costs, the remaining Settlement Fund (the "Net Settlement Fund" or "NSS") will be distributed based on two calculations.

Individual Settlement Payment.  This calculation reflects how many weeks you worked for Peter Luger and is based on the following formula:  the total number of weeks you worked will be divided by the total number of weeks worked by all of the Settlement Class members during the relevant time period; this percentage will then be multiplied by the Net Settlement Fund.  This amount is called your "Individual Settlement Payment."  This is the amount listed on your Claim Form.

Reversion Payment.  This calculation is based on how much of the Net Settlement Fund is left over based on Settlement Class Members not filing timely or valid claim forms or opting out of the settlement.  This amount is called the "Reversion."  The reversion will be allocated to you (if you are an Authorized Claimant) based on the following formula: your Individual Settlement Payment is divided by the total Individual Settlements for every Authorized Claimant; this percentage is then multiplied by the Reversion to calculate your share of the Reversion.  This is called the "Reversion Payment."  Because the Reversion Payment is based on who submits a valid Claim Form, Class Counsel will not know how much your Reversion Payment is until after the Claim Submission Period deadline (explained below in paragraph 4). Also, if every Settlement Class Member submits a timely and valid Claim Form, nobody will receive a Reversion Payment.  Accordingly, the total amount you will receive will be greater than the Individual Settlement Payment listed on the Claim Form only if there are Reversion Payments.

If you are an Authorized Claimant, the total amount you will receive under this Settlement is your Individual Settlement Payment plus your Reversion Payment (if any).

If you are an Authorized Claimant, then (1) 50% of the payment made to you from the Settlement Fund shall be (a) deemed taxable, wage income paid under an IRS Form W-2, and (b) subject to ordinary payroll withholdings; and (2) 50% of the payments made to you from the Settlement Fund shall be attributed to alleged liquidated damages and reported on an IRS Form 1099.  You will ultimately receive one check that reflects all of these calculations.

The Settlement will be paid within 30 calendar days after the effective date, which is the first date after all of the following events and conditions have been met or have occurred: (i) the Court enters an Order Authorizing Notice of the Proposed Settlement and Notice of Final Fairness Hearing; (ii) the Bar Date has passed; (iii) the Court entered a Final Approval Order; (iv) the deadline has passed without action for counsel for the Parties to terminate the Agreement; (v) the time to appeal from the Final Approval Order has expired and no Notice of Appeal has been filed or in the event that an appeal is filed, the appellate process is exhausted and the Final Approval Order has remained intact in all material respects; and (vi) the Final Fairness Hearing has occurred.

The Court did not decide which side was right.  Both sides agreed to the settlement to resolve the case, and avoid further disputes, inconvenience, and expense.  The Settlement is not to be construed as or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Peter Luger or any of its managers, directors, employees, owners, or agents.

## 4.     HOW CAN I COLLECT MY SHARE OF THE SETTLEMENT?

**In order to collect your share of the settlement, you must completely fill out and submit a claim form**.   Attached to this Notice is a claim form that you must fill out and mail, postmarked on or before [INSERT BAR DATE], 2014, to:

> Simpluris, Inc.,
> Class Action Settlement Administration
> 3176 Pullman Street, Suite 123
> Costa Mesa, California 92626.

By filling out this claim form, you will also be joining this case under the FLSA (this sometimes referred to as "opting-in").

## 5.     WHAT IS THE LEGAL EFFECT OF THE SETTLEMENT?

By operation of the entry of the Final Judgment and Final Approval, you will fully release Peter Luger from any and all claims for relief, whether suspected or unsuspected, which you have had, now have, or may have in the future against it for any acts occurring between March 16, 2007 and February 27, 2014 in connection with Peter Luger employing you, that are either or both:  (1) alleged in the Action or (2) arise out of the facts, matters, transactions or occurrences referred to in the Action that could have been alleged as separate claims, causes of action, lawsuits or other theories of relief, whether under federal law, state law or common law (including all violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").   "Settled Claims" also includes all types of relief available for the above referenced theories of relief, including, without limitations, any claims for unpaid wages, unpaid overtime, unlawfully retained gratuities, spread-of-hours pay, damages, reimbursement, restitution, losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive or declaratory relief, liquidated damages or similar relief.

## 6.     HOW DO I OPT-OUT OF THE SETTLEMENT CLASS?

You have the option of opting-out of the Settlement Agreement if you do not want to participate in the Settlement.  To opt-out of the Settlement Agreement you must do so by [INSERT BAR DATE].  If you do not opt-out, you will be bound by the terms of the Settlement Agreement.  To opt-out, you must mail a letter that specifically states, "I ELECT TO EXCLUDE MYSELF FROM THE SETTLEMENT IN ***DONNELLY v. PETER LUGER OF LONG ISLAND, INC.***," postmarked no later than [INSERT BAR DATE].  You must include your name and address in the letter.  If you choose to opt-out, send your letter to:

> Simpluris, Inc.
> Class Action Settlement Administration

3176 Pullman Street, Suite 123
Costa Mesa, California 92626.

## 7.    WHAT IF I HAVE AN OBJECTION TO THE SETTLEMENT?

If you wish to present objections to the proposed settlement at the Final Fairness Hearing as described in Section 8 below, you must first do so in writing.  Written objections must be mailed to the Court and copies of your objection must be mailed to Class Counsel and Peter Luger's Counsel to the following addresses:

Clerk of the Court:
U.S. District Court Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Class Counsel:
Douglas Lipsky, Esq.
BRONSON LIPSKY LLP
630 Third Avenue, Fifth Floor
New York, New York 10017
Phone:  212. 392.4772
Fas:  212.444.1030

Peter Luger's Counsel:
Carolyn D. Richmond, Esq.
Glenn S. Grindlinger, Esq.
FOX ROTHSCHILD LLP
100 Park Avenue, 15th Floor
New York, New York 10017


Your objections must be postmarked by [INSERT BAR DATE].

Written objections must contain your name and address, must be signed by you, and must include reference to the matter of ***DONNELLY v. PETER LUGER OF LONG ISLAND, INC.***, Case No. 2:13-cv-1377.  If you object to the settlement and intend to appear at the Final Fairness Hearing, you must include with your written objection an explanation of the basis for the objection, any supporting documents, and a statement that you intend to appear and be heard at the Final Fairness Hearing.  If you do not comply with the foregoing procedures and deadlines for submitting written comments or appearing at the hearing, you will <u>not</u> be entitled to be heard at the hearing, contest, or appeal from approval of the settlement or any award of attorneys' fees or expenses, or contest or appeal from any other orders or judgments of the Court entered in connection with the settlement.  The Parties may file with the Court written responses to any filed objections.  You cannot object to the Settlement and opt-out of the Settlement Class.  If you opt-out, you have no basis to object because the case no longer affects you.

**8.     WHEN IS THE FINAL FAIRNESS HEARING?**

A hearing before the Honorable Leonard D. Wexler, U.S.D.J., will be held on _____ at _____ at the United States District Court Eastern District of New York, 100 Federal Plaza, Central Islip, New York 11722 (the "Fairness Hearing"). The purpose of this hearing will be for the Court to determine whether the Settlement is fair, adequate, and reasonable and should be approved by the Court. The Court will take into account any comments or objections filed by you in accordance with the procedures described above.

**9.     HOW CAN I EXAMINE COURT RECORDS?**

This Notice does not contain all of the terms of the proposed Settlement or all of the details of these proceedings. For more detailed information, you are advised to refer to the underlying documents and papers on file with the Court. Additionally, if you have questions about this Notice or want additional information, you can contact class counsel:

> Douglas B. Lipsky
> BRONSON LIPSKY LLP
> 630 Third Avenue, Fifth Floor
> New York, New York 10017
> Phone: 212.392.4772.

<u>DO NOT CALL</u> THE COURT WITH ANY QUESTIONS.

**EXHIBIT B**
**INDIVIDUAL SETTLEMENT CLASS MEMBER CLAIM FORM**

*Donnelly, et al, v. Peter Luger of Long Island, Inc.*, 2:13-cv-1377 (LDW) (ETB)

**TO SHARE IN THE SETTLEMENT, YOU <u>MUST</u> COMPLETE, SIGN AND RETURN THIS CLAIM FORM <u>AND</u> HAVE IT POSTMARKED NO LATER THAN [BAR DATE], 2014**

---

**CORRECTIONS OR ADDITIONAL INFORMATION**

Write any name and address corrections below if any is necessary OR if there is no preprinted data to the left, please provide your name and address here:

_____

_____

_____

_____

**Telephone Number:**

---

The records of Peter Luger of Long Island, Inc. ("Peter Luger") indicate that you were employed by Peter Luger in an hourly position, sometime between March 16, 2007 and February 27, 2014, and that you worked as a wait staff or bartender during this period for a total of _____ weeks. Based on these records, your estimated claim at this point is roughly a minimum of $_____less applicable taxes. If you wish to dispute these figures, please contact Douglas B. Lipsky at 212.392.4772. Only written evidence/documentation will be considered in such a dispute and must be submitted no later than [BAR DATE].

Provided that you timely submit this Claim Form, your award shall be determined based upon the duration of your employment at Peter Luger, as further described in the Notice of Proposed Settlement of Class Action Lawsuit that accompanies this Claim Form. And your award might be greater than the amount listed above if Reversion Payments are issued to the Settlement Class Members. The amount of your award may be subject to tax withholdings.

By signing, you are opting-into this case under the Fair Labor Standards Act, you are acknowledging that the weeks worked as set forth above are true and correct to the best of your knowledge and belief and you are executing a release of claims, which includes all claims you have had, now have, or may have in the future against Peter Luger for any acts occurring between March 16, 2007 and February 27, 2014 in connection with Peter Luger employing you, that are either or both: (1) alleged in the Action or (2) arise out of the facts, matters, transactions or occurrences referred to in the Action that could have been alleged as separate claims, causes of action, lawsuits or other theories of relief, whether under federal law, state law or common law (including all violations of the Fair Labor Standards Act ("FLSA") and the New York Labor

-1-

Law ("NYLL").   "Settled Claims" also includes all types of relief available for the above referenced theories of relief, including, without limitations, any claims for unpaid wages, unpaid overtime, unlawfully retained gratuities, spread-of-hours pay, damages, reimbursement, restitution, losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive or declaratory relief, liquidated damages or similar relief.


Date: _____                    _____
                                          (Sign your name here)